UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC DEVON HOWARD** | **CIVIL ACTION NO. 15-75-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Eric Devon Howard ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 13, 2015. Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names James M. LeBlanc, Jeffery Travis, Jerry W. Goodwin, Angie Huff, and Lonnie Nail as defendants.

Plaintiff claims that on April 28, 2014, he was placed on Disciplinary Detention/Extended Lockdown ("DD/EL") for a rule infraction. He claims he was convicted of arguing with another inmate. He claims that after he was sentenced, all of his property was brought to him to be inventoried. He claims Sgt. Gibbert went through his property to determine what he could have in DD/EL and requested an address to send his excess property

to. Plaintiff claims he did not have anywhere to send his excess property. He claims Sgt. Gibbert then spoke with a supervisor who authorized him to tag and store his property until he was released from DD/EL.

Plaintiff claims Sgt. Freeman woke him up to sign a confiscation and disposition of contraband sheet which he refused to sign. He claims he did sign and acknowledge the inventory sheet. Plaintiff claims Sgt. Freeman told him that Major Mays refused to store his excess personal property and it was placed in the confiscation bin.

Plaintiff claims that on May 12, 2014, he filed a lost property claim. He claims that on May 13, 2014, he wrote a letter to Warden Goodwin, Warden Huff, and Colonel Lonnie Nail about his property. He claims that on May 23, 2014, he submitted a grievance in the administrative remedy procedure regarding his property which was denied.

Plaintiff claims Defendants are interpreting DOPPs #28 and #36 to state that once an offender is placed in disciplinary detention, his excess personal property becomes contraband.

Plaintiff claims this policy discriminates against inmates at David Wade Correctional Center in DD/EL because it is not applied to DD/EL inmates at other facilities. He also claims the policy discriminates because it does not apply to closed cell restriction offenders, protective custody offenders, sorting confidential informants, and sorting Angola offenders placed on DD/EL at David Wade Correctional Center.

Plaintiff claims he does not know the location of his property.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, costs, and any other just relief.

For the following reasons, Plaintiff's claim should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## LAW AND ANALYSIS

**Property Claims**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

**Equal Protection Claims**

Plaintiff claims he was denied equal protection because other classifications of inmates in DD/EL are allowed to keep their excess property and DOC inmates at other facilities are allowed to keep their excess property. The Equal Protection Clause requires that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, Inc., 473

U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To establish an equal protection claim, a plaintiff must establish that (1) the state created two or more classifications of similarly situated persons that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. See Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).  Also, a plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will. See Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir.2000).

Plaintiff does not allege or show that he was treated differently from other similarly situated inmates who were confined to DD/EL for disciplinary convictions at David Wade Correctional Center. Also, Plaintiff does not allege facts showing that he was singled out for ill treatment for any impermissible reason. Accordingly, he does not meet the first criteria for an equal protection violation and has therefore failed to state a claim upon which relief can be granted. Accordingly, his discrimination claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds his complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in

making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of August 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge