UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC DEVON HOWARD** | **CIVIL ACTION NO. 15-75-P** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## JUDGMENT

Plaintiff Eric Devon Howard ("Howard"), a prisoner, filed suit under 42 U.S.C. § 1983, alleging that Defendants' roles in purportedly destroying Howard's personal property in the course of transferring him to Disciplinary Detention/Extended Lockdown ("DD/EL") violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. [Record Document 1]. The Magistrate Judge's Report and Recommendation found that Howard's suit was frivolous under 28 U.S.C. § 1915(e). [Record Document 16]. Howard timely filed his Objections to the Report and Recommendation. [Record Document 18]. After consideration of the foregoing, the Court adopts the Magistrate Judge's Report and Recommendation, finding that Howard's claims should be dismissed under 28 U.S.C. § 1915(e) as they fail to state a claim upon which relief can be granted.

Regarding Howard's due process claim, the Magistrate Judge ruled that Howard's ability to secure adequate remedies for his deprivation of property through a state tort action forecloses him from suing under 42 U.S.C. § 1983. Under the Parratt/Hudson doctrine, a state's deprivation of property without due process does not violate the Fourteenth Amendment where (1) the "loss of property is occasioned by a random,

unauthorized act by a state employee, rather than by an established state procedure," and (2) "the state makes available a meaningful postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 531-33, 104 S. Ct. 3194, 3202-04 (1984); see also Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981) (first announcing the doctrine). The Magistrate Judge concluded that Howard's allegations did not constitute a due process violation under the Parratt/Hudson doctrine because Louisiana's general tort statute, La. Civ. Code art. 2315, provides Howard with a viable, adequate remedy for his alleged deprivation of property.

In his Objection to the Report and Recommendation, Howard argues that his claim does not meet the first requirement of the Parratt/Hudson doctrine, that is, a deprivation caused by a random, unauthorized act of the state, because his Complaint alleges that the confiscation and destruction of his property were effected pursuant to standard prison polices and were thus neither random nor unauthorized. Record Document 18, pp. 2-6.

The Complaint and its attached exhibits[1] bear out Howard's characterization of his due process claim. According to Howard, correction officers at David Wade Correctional

---

[1] Consideration of the exhibits attached to the Complaint is appropriate in this context. The Court reviews a challenge to a suit under § 1915(e)(2)(B)(ii) by the same standard it reviews a challenge pursuant to Federal Rule of Civil Procedure 12(b)(6). See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). We will therefore employ the same . . . standard to review the § 1915(e)(B)(ii) dismissal as we use to review dismissal pursuant to 12(b)(6)."). In considering a motion to dismiss under Rule 12(b)(6), a district court typically limits itself to the contents of the pleadings. See Fed. R. Civ. P. 12(d). If extrinsic evidence is used to make "a determination on a motion to dismiss, a court will convert the motion to dismiss into a motion for summary judgment." Fed. R. Civ. P. 12(b). Such a conversion, however, is not required if the court determines that the exhibits attached to the motion to dismiss are in fact part of the pleadings because the exhibits "are central to the plaintiffs' claims." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–499 (5th Cir. 2000).

Center placed Howard in DD/EL after "sentencing" him for a disciplinary infraction (arguing with another prisoner). Record Document 1, p. 6. Howard next alleges that in the course of transferring him to DD/EL, David Wade correction officers, pursuant to Offender Posted Policies 19 and 36, confiscated those items in Howard's possession that, although permitted for a member of the general population, were not permitted for prisoners in DD/EL. Id.; Record Document 1-2, pp. 8-10, 27. Howard alleges that correction officers then informed him that pursuant to Offender Posted Policy 28, he needed to provide them with an address to send his confiscated items, otherwise they would donate them to charity or destroy them. Record Document 1, pp. 7-8; Record Document 1-2, pp. 6-7, 27. Because of his nearly nonexistent contact with the outside world, Howard apparently has no address to which to send his confiscated property. Record Document 1, pp. 7-8. As a result, Howard alleges that David Wade correction officers either have destroyed, or will destroy, his property. Id. at 11.

      The core of Howard's legal argument is that the Offender Posted Policies on which the David Wade correction officers relied in destroying or attempting to destroy his property lack a basis in Louisiana statutory law. Record Document 1, pp. 10-11; Record Document 1-2, 37-39. Howard, however, has chosen to frame this claim as a deprivation of due process. Nonetheless, because the theory of Howard's case is that David Wade correction officers relied on Offended Posted Policies in depriving him of his property without due process, he has alleged a due process deprivation caused by nonrandom, authorized acts of state officials, so the Parratt/Hudson doctrine is inapplicable to his claim.

The question remains, however, whether Howard has stated a due process claim that is entitled to relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 663, 678 (2009) ("A claim [facing Rule 12(b)(6) scrutiny must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  At a minimum, the Due Process Clause requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652, 656 (1950).  Howard has described with sufficient detail how correction officers deprived him of his property.  Record Document 1, pp. 6-11.  But other than a glancing reference to the "[d]isciplinary sentencing" that caused his move to DD/EL, Howard has failed to provide any facts suggesting that he was deprived of notice and an opportunity to be heard.  Howard has therefore failed to state a due process claim that is entitled to relief.

Regarding the equal protection claim, the Magistrate Judge ruled that Howard failed to plead facts upon which relief could be granted.  The Court agrees with the Magistrate Judge that Howard's allegations fail to give rise to a violation of the Equal Protection Clause of the Fourteenth Amendment.  Howard's Objection to the Report and Recommendation does not offer new arguments on this issue.  The Court thus finds that Howard's equal protection claim fails to state a claim upon which relief can be granted.

Therefore, after an independent review of the record, including the Report and Recommendation and the written Objection filed by Plaintiff;

**IT IS ORDERED** that Plaintiff's civil rights Complaint is **DISMISSED WITH PREJUDICE** as it fails to state a claim under 28 U.S.C. § 1915(e).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the ____ day of ~~October~~ November, 2015.

———————————————
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE